

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| IN THE INTEREST: C.B.K., | ) | No. ED111270 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | Lincoln County |
| vs. | ) | Cause No. 21L6-JU00116 |
| | ) | |
| JUVENILE OFFICER, | ) | Honorable David H. Ash |
| | ) | |
| Respondent. | ) | Filed: November 14, 2023 |

## Introduction

After the Cedar County circuit court found C.B.K. (a juvenile and the Appellant) committed child molestation third degree in violation of § 566.069, jurisdiction was transferred to Lincoln County circuit court for sentencing and disposition. C.B.K. appeals the adjudication judgment and order placing him in the joint custody of the Division of Youth Services (DYS) and the Division of Family Support (DFS).[1] In his first of two points on appeal, Appellant argues the juvenile court lacked sufficient evidence to find that he committed the delinquency offense against P.A. (Victim). Specifically, he argues the Juvenile Officer (Respondent) did not prove the allegations in the juvenile petition beyond a reasonable doubt, the juvenile court failed to consider Appellant's age when determining whether he acted purposefully and Respondent did

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

1

not present sufficient evidence showing Appellant acted with the purpose of arousing or gratifying his sexual desire. We find this issue dispositive and reverse the trial court.

## Factual and Procedural Background

On November 21, 2021, Respondent filed a petition alleging Appellant committed a delinquency offense pursuant to § 211.031.1(3) on or between July 1-31. Specifically, the petition alleges that he committed child molestation third degree, a felony, in violation of §566.069.[2]

At the May 5, 2022 adjudication hearing, Respondent called B.A., who is both Appellant's sister and Victim's mother, as the only witness. B.A. testified that Appellant moved in with B.A. in March 2021 after DFS removed him from his father's custody. Appellant ran away from B.A.'s house in November 2021 and was later placed in an inpatient facility in Kansas City. Since Appellant would not be returning to her house, B.A. gathered his belongings, including his cellphone. While viewing the contents of Appellant's phone, she discovered a video depicting Victim sitting in a chair imitating fellatio with a popsicle. Further, the video depicts Victim taking instructions from someone offscreen, but the person providing instructions and taping the video is unknown. Later, B.A. confronted Appellant about the video and he admitted that he instructed Victim how to make the gesture with the popsicle. At the adjudication hearing, the juvenile court admitted the video into evidence as Exhibit 2. Also, during the phone search, B.A. found text messages where Appellant and others discuss raping children under five years old.

---

[2] Initially, Respondent filed the petition in Lincoln County juvenile court but later moved for a change of venue to Cedar County juvenile court for adjudication because Cedar County was the location of the alleged offense. After the Cedar county juvenile court found Appellant guilty, jurisdiction was transferred back to Lincoln County for sentencing.

Consequently, B.A. contacted DFS, which made arrangements for Victim to participate in a Children's Advocacy Center (CAC) forensic interview. Later, the juvenile court admitted as Exhibit 1, the video memorializing Victim's CAC interview. When viewing anatomical drawings of a boy and girl at the interview, Victim referred to the genital area of a girl as the "monkey." Further, Victim confirmed that Appellant had touched her "monkey," or her genital area. While gesturing with her fist, Victim explained that Appellant punched her in the monkey, telling her, "I hate you." The incident occurred when Victim was undressed and after taking a shower. No one else was present during this incident, resulting in Respondent alleging child molestation third degree. Appellant testified in his own defense. Although he admitted his cellphone contained a video of Victim imitating fellatio, he denied having any sexual contact with her and denied joking with others about raping children.

The Cedar County juvenile court issued its findings, concluding that Appellant committed the delinquency offense of child molestation third degree beyond a reasonable doubt. The juvenile court transferred the case back to Lincoln County juvenile court for disposition where the parties agreed that Appellant should be housed in a secured facility while in the joint custody of DYS and DFS. The Lincoln County juvenile court issued its judgment and order reflecting this agreement on December 6, 2022. Now Appellant appeals.

**Discussion**

i. *Point I – Sufficiency of the Evidence*

In Point I, Appellant argues that the juvenile court erred in the adjudication decision because Respondent did not present sufficient evidence showing Appellant acted with the purpose of arousing or gratifying his sexual desire, as statutorily required. § 566.010(6).

*Standard of Review*

We review juvenile proceedings "in the same manner as other court-tried cases." *D.C.M. v. Pemiscot Cnty. Juvenile Off.*, 578 S.W.3d 776, 786 (Mo. banc 2019) (quoting *C.G.M., II v. Juvenile Officer*, 258 S.W.3d 879, 882 (Mo. App. W.D. 2008)). Further, we will affirm a judgment in a juvenile proceeding unless it is not supported by evidence, is against the weight of evidence or erroneously declares or applies the law. *Id.* The credibility of the witnesses and the weight their testimony should be given is a matter to be determined at the hearing by the circuit court, which can believe "none, part, or all of their testimony." *Id.* (quoting *C.L.B. v. Juvenile Officer*, 22 S.W.3d 233, 236 (Mo. App. W.D. 2000)).

When "a juvenile is alleged to have committed an act that would be a criminal offense if committed by an adult, the standard of proof, like that in criminal trials, is beyond a reasonable doubt." *Id.* For sufficiency of the evidence purposes, "[t]he evidence, including all reasonable inferences therefrom, is considered in the light most favorable to the judgment, disregarding all contrary inferences." *Id.* (quoting *State v. Pike*, 162 S.W.3d 464, 473–74 (Mo. banc 2005)).

*Analysis*

Pursuant to the petition, Respondent alleges Appellant committed the offense of child molestation third degree when he touched Victim's vagina for the purpose of arousing or gratifying his sexual desire. We find that Respondent did not present sufficient evidence to the juvenile court proving that Appellant punched Victim with the purpose of arousing or gratifying his sexual desire. "A person commits the offense of child molestation in the third degree if he or she subjects a child who is less than fourteen years of age to sexual contact." § 566.069.1. "Sexual contact" includes "… any touching of the genitals or anus of another person, … for the

4

purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim[.]" § 566.010(6).

First, Appellant was only 12 years-old at the time of this incident. While touching a person's vagina can reflect an adult defendant's purpose to arouse or gratify sexual desire, this same, singular act cannot be interpreted as achieving the same sexual purpose involving juvenile defendants. *See State v. Holmes*, 626 S.W.3d 339, 342–43 (Mo. App. E.D. 2021); *see also A.B. v. Juvenile Officer*, 447 S.W.3d 799, 806 (Mo. App. W.D. 2014) (finding juvenile's act of touching private parts of another minor insufficient alone to establish intent to arouse or gratify sexual desire).

Second, it is unclear from the record when the fellatio mimicking incident occurred in relation to the assault and equally unclear if it occurred at, around or in reasonably close proximity to the time Appellant struck Victim. Although B.A.'s testimony and video on Appellant's phone depicting Victim mimicking fellatio establishes Appellant's sexual knowledge, this evidence is insufficient to conclude that Appellant satisfied the statute's requisite purpose when he punched Victim and as alleged by Respondent. Further, the Respondent contends the highly troubling messages exchanged between Appellant and others as discovered in his cellphone reflect on Appellant's intention to satisfy his sexual gratification within the meaning of the statute. Again, these messages and their disturbing contents did not occur simultaneously with Appellant's singular violent assault of the Victim. In short, we cannot apply the separately distinguishable messages to the separately occurring assault.

Third, the single, isolated act of Appellant punching Victim's vagina does not establish that he did so with the purpose of arousing or gratifying his sexual desire. In fact, the circumstances immediately surrounding the contact does not support the finding that Appellant

punched Victim to arouse or gratify his sexual desire. The record does not reflect that Appellant asked Victim to remove her clothing because she was already undressed after taking a shower. Conversely, if he had directed her to remove her clothing, we could possibly interpret the sexual gratification element necessary for the offense. Additionally, the record does not indicate that the 12 year-old Appellant made any sexual comments toward her or became physically aroused by his action. Appellant told Victim that he hated her after punching her. While this comment coupled with the assault may signify that Appellant meant to "terrorize Victim" pursuant to § 566.010(6), Respondent chose not to make this allegation in the petition. Instead, Respondent alleged that Appellant committed the act to arouse or gratify his sexual desire.[3]

Finally, we unquestionably agree that Appellant's actions fall within the boundaries of criminal liability, but he is not guilty of the criminal conduct asserted in the petition based on the evidentiary record and as required by the statute. We do not make this decision lightly, especially when recognizing the gravity of the highly disturbing materials discovered in his cell phone as well as the seriousness of his assaultive behavior against the juvenile victim. In this matter however, the evidence does not conform with the allegation and Respondent did not submit sufficient evidence showing that Appellant acted with the purpose of arousing or gratifying his sexual desire. Point I is granted.

## Conclusion

We reverse, set aside and vacate the judgment of adjudication finding that Appellant committed child molestation third degree and order Appellant discharged from the combined supervision of DYS and DFS.

---

[3] As stated before, "sexual contact" also includes touching a victim's genitals with the purpose of terrorizing him or her. § 566.010(6). Although the record may support that Appellant punched Victim with the purpose of terrorizing her, Respondent's juvenile petition does not allege this theory of child molestation third degree. Following the language of its petition, Respondent failed to prove Appellant acted with the purpose to arouse or gratify his sexual desire when he punched Victim in the vagina.

_____
Thomas C. Clark II, J.

Lisa P. Page, P.J.,  and
Renée D. Hardin-Tammons, J., concur.